## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2016, 7:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Earl McCoy
McCoy Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elizabeth Carle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 12, 2016<br><br>Court of Appeals Case No.<br>79A05-1504-CR-302<br><br>Appeal from the Tippecanoe<br>Circuit Court<br><br>The Honorable Thomas H. Busch,<br>Judge<br><br>Trial Court Cause No.<br>79C01-1307-FA-9 |

**Baker, Judge.**

[1] Elizabeth Carle appeals her convictions for Conspiracy to Commit Child Molesting,[1] a class A felony, two counts of Child Molesting,[2] a class A felony, and Neglect of a Dependent,[3] a class D felony. Carle argues that the convictions violate double jeopardy principles and that there is insufficient evidence supporting the convictions. Carle also appeals the aggregate thirty-eight-year sentence imposed by the trial court, arguing that the trial court abused its discretion in considering certain aggravating and mitigating circumstances. Finding no error, we affirm.

# Facts

[2] Carle's daughter, A.A., was born in 2006. When A.A. was between the ages of five and six years old, Carle and her boyfriend, Corey Desarmo, molested A.A. numerous times. A.A. reported that the incidents primarily involved her masturbating Desarmo and Desarmo both performing and receiving oral sex from A.A. More than once, Carle was present and watching during the molestations, and more than once, Carle stuck a finger into A.A.'s anus. Even if Carle was not watching or participating, she was frequently in a nearby room in the residence. A.A. stated that she was molested nearly every day during this time.

---

[1] Ind. Code § 35-42-4-3; Ind. Code § 35-41-5-2.

[2] I.C. § 35-42-4-3.

[3] Ind. Code § 35-46-1-4.

[3] A.A. reported the ongoing molestations to her grandmother in June 2013, and authorities investigated the child's allegations. On July 16, 2013, the State charged Carle with two counts of class A felony child molesting, class A felony conspiracy to commit child molesting, and class D felony neglect of a dependent. Carle's jury trial began on February 2, 2015,[4] and on February 4, 2015, the jury found her guilty as charged. The trial court did not enter a judgment of conviction on the conspiracy to commit child molesting count, finding that it merged into one of the child molesting convictions.

[4] The trial court held a sentencing hearing on April 2, 2015. Following the hearing, the trial court sentenced Carle as follows: thirty-five years for the first child molesting conviction; thirty years on the second child molesting conviction; and three years for the neglect of a dependent conviction. The trial court ordered that the two child molesting sentences would run concurrently and that the neglect sentence would run consecutively, for an aggregate sentence of thirty-eight years imprisonment. Carle now appeals.

# Discussion and Decision

## I. Double Jeopardy

[5] A double jeopardy claim presents a pure question of law to which we apply a de novo standard of review. *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011).

---

[4] The State also charged Desarmo in connection with the molestations, and tried Desarmo and Carle as co-defendants.

Under Article 1, Section 14 of the Indiana Constitution, two offenses are the same offense in violation of this double jeopardy provision where, with respect to either the statutory elements of the challenged offenses or the actual evidence used to convict, the essential elements of one of the offenses also establishes the essential elements of the other challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002).

[6] Here, Carle's only double jeopardy claim is that the child molesting and neglect counts are all based on the same actual evidence.[5] In considering this argument, an appellate court will find a double jeopardy violation only where there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one of the offenses may also have been used to establish all the essential elements of the other challenged offense or offenses. *Hines v. State*, 30 N.E.3d 1216, 1222 (Ind. 2015).

[7] With respect to the two child molesting convictions, the State proved that Carle committed the acts supporting those convictions on multiple occasions over multiple years. Therefore, there is no double jeopardy violation under the actual evidence test. *See, e.g.*, *Williams v. State*, 997 N.E.2d 1154, 1162-63 (Ind. Ct. App. 2013) (holding that because the defendant committed numerous acts

---

[5] Carle explains in her brief that she did not raise a double jeopardy claim with respect to the conspiracy to commit child molesting conviction because no judgment of conviction was entered and it merged with one of the child molesting convictions. *See Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006) (holding that where a trial court has not entered a formal judgment of conviction on a count on which the defendant was found guilty, it is not problematic for double jeopardy purposes to merely merge that count with another at sentencing).

of molestation over a period of years, there was no reasonable possibility that the jury used the same instances of sexual intercourse to support the defendant's convictions for child molesting and incest).

[8] With respect to the child molesting and neglect convictions, the evidence supporting the child molesting convictions establishes that Carle repeatedly inserted her finger into A.A.'s anus. The evidence supporting the neglect conviction, on the other hand, establishes that Carle placed—and kept—A.A. in a household in which Carle's boyfriend repeatedly molested A.A., even though Carle was well aware of the molestations. We see no reasonable possibility that the jury used the same actual evidence to support each of these convictions. In sum, we find that none of Carle's convictions violate double jeopardy principles.

## II. Sufficiency of the Evidence

[9] Next, Carle argues that the evidence supporting her convictions is insufficient. When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

# A. Conspiracy

Carle first argues that there is insufficient evidence supporting her conspiracy to commit child molesting conviction. Initially, we note that because the trial court did not enter a judgment of conviction on this count, ultimately merging it into a child molesting count, it is somewhat superfluous to address the sufficiency of the evidence supporting it. Nevertheless, we will do so, briefly.

To convict Carle of conspiracy to commit child molesting, the State was required to prove beyond a reasonable doubt that, (1) with the intent to commit the crime of child molesting, (2) Carle agreed with Desarmo to commit the crime of child molesting, and (3) an overt act was performed by one of them in furtherance of the agreement. I.C. § 35-41-5-2. Carle's only argument with respect to this conviction is that the evidence is insufficient to prove the existence of an agreement between Carle and Desarmo. It is well established that proof of an agreement in the context of a conspiracy conviction can rest entirely on circumstantial evidence, including the overt acts of the parties in furtherance of the criminal act. *Guffey v. State*, 42 N.E.3d 152, 164 (Ind. Ct. App. 2015), *trans. denied*; *Riehle v. State*, 823 N.E.2d 287, 293 (Ind. Ct. App. 2005).

Here, A.A. testified that on multiple occasions, Carle was in the same room as Desarmo while he was molesting A.A. Tr. p. 227. Moreover, Carle took part in the molestation along with Desarmo on more than one occasion. *Id.* at 218-21. Finally, both Carle and Desarmo told A.A. not to tell anyone about the

molestations or they would go to jail. This evidence is more than sufficient circumstantial evidence from which a reasonable factfinder could infer that Carle and Desarmo reached an agreement to commit these crimes. *See Riehle*, 823 N.E.2d at 293 (holding that agreement need not be formal or explicit; instead, an informal or implied agreement is sufficient to support a conspiracy conviction). Carle's arguments to the contrary are requests that we reweigh evidence and reassess witness credibility—requests we decline. We find the evidence sufficient to support the conspiracy conviction.

## B. Incredible Dubiosity

[13]   Carle also argues that the rule of incredible dubiosity should lead us to reverse all of her convictions. This rule permits an appellate court to impinge on the factfinder's responsibility to assess witness credibility. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). This rule applies only where there is a sole testifying witness; the testimony of that witness is inherently contradictory, equivocal, or the result of coercion; and there is a complete lack of circumstantial evidence. *Id.* at 756.

[14]   Here, A.A.'s testimony was the only evidence supporting Carle's conviction, and there was no circumstantial evidence otherwise corroborating the child's testimony. Therefore, we must determine whether A.A.'s testimony was inherently contradictory, equivocal, or the result of coercion.

[15]   A.A. testified lucidly and unequivocally about the molestations she suffered at the hands of her mother and Desarmo. Her testimony was in no way

inherently contradictory. Moreover, Carle has offered no evidence whatsoever, aside from her own self-serving suppositions, that A.A.'s testimony was the result of coercion. Carle argues that the following aspects of A.A.'s testimony are inherently improbable and run counter to human experience:

- She was molested nearly every day.
- During the molestations, Carle was in another room, cooking dinner in the kitchen, watching, or participating.
- Desarmo's ex-wife and A.A.'s grandmother, who lived sporadically with A.A.'s family, were never present during the molestations.
- Nobody said anything or made any sounds during the molestations.
- Carle merely stuck her finger in A.A.'s anus and did not touch or fondle other body parts or her genitalia.

Sadly, none of this testimony runs counter to human experience. We do not find it to be inherently improbable or incredibly dubious, especially given the clarity and consistency with which this young child testified. It is well established that convictions for child molesting can be upheld based solely upon a young victim's uncorroborated testimony. *E.g.*, *Rose v. State*, 36 N.E.3d 1055, 1061 (Ind. Ct. App. 2015). Here, we find that A.A.'s testimony, alone, is more than sufficient to support Carle's convictions. Carle's arguments to the contrary are unavailing.

## III. Sentencing

Finally, Carle raises an argument with respect to the sentence imposed by the trial court. While she labels this argument with reference to Indiana Appellate Rule 7(B), in fact, all of her argument relates to the aggravators and mitigators

considered by the trial court, and she never engages in a 7(B) analysis. As such, we will review her claims of error for an abuse of discretion. Under the advisory sentencing scheme, trial courts no longer have any obligation to weigh aggravators and mitigators against each other when imposing a sentence. *Richardson v. State*, 906 N.E.2d 241, 243 (Ind. Ct. App. 2009).[6] Instead, a trial court may impose any sentence authorized by statute and must provide a sentencing statement that gives a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[18] In its sentencing statement, the trial court held as follows with respect to aggravators and mitigators:

> The Court finds as aggravating factors that the defendant was in a position having care, custody, or control of the victim of the offense, the defendant threatened to harm the victim of the offense or a witness if the victim or witness told anyone about the offense[,] and the seriousness of [the crime] by the number of [times] which [sic] it occurred.
>
> The Court finds as mitigating factors the defendant has no history of delinquency or criminal activity, or the defendant has led a law-abiding life for a substantial period before commission of the crime, the defendant played a lesser role in the crime, good work history, and difficult childhood.

---

[6] Therefore, to the extent that Carle argues that the trial court erred in weighing aggravating and mitigating circumstances, her argument is unavailing.

Appellant's App. p. 84-86.  Carle contends that the trial court omitted certain mitigators and found certain aggravators without fully explaining why they constituted aggravators.

[19]    First, Carle contends that the trial court erred by declining to find the following mitigating circumstances: (1) her limited role in the offenses, (2) the fact that she did not cause bodily harm to A.A., and (3) the hardship to Carle's other children.  First, as to Carle's limited role in the offenses, the trial court *did* find this as a mitigating circumstance in its order when it acknowledged her "lesser role in the crime[.]"  *Id.* at 85.  As to the latter two, the trial court considered these mitigators at the sentencing hearing but ultimately found that they were not significant enough to include in the sentencing order.  The trial court is not required to place the same value on a mitigator as does a defendant, nor is it required to explain why it did not find a factor to be significantly mitigating.  *Sandleben v. State*, 22 N.E.2d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.  Because the trial court considered these proffered mitigators and merely did not give the same weight to them as Carle does, the trial court did not abuse its discretion in this regard.

[20]    Next, Carle argues that two of the aggravators were improper:  (1) the seriousness of the crimes; and (2) that the harm caused by Carle exceeded that necessary to meet the elements of the crime.  Initially, we note that the trial court's sentencing order did *not* include the latter aggravator.  Therefore, we need not address that issue.  As to the seriousness of the crimes, the trial court explained that the reason it found this to be an aggravator was because of the

astounding number of times that Desarmo and/or Carle molested A.A. over a period of two years. We find that explanation to be adequate, and do not find the aggravator to be improper.[7] In sum, we find that the trial court did not abuse its discretion in sentencing Carle.

[21] As noted above, Carle has waived an argument with respect to Indiana Appellate Rule 7(B) by failing to engage in any sort of analysis related to the rule. Waiver notwithstanding, we will address it. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[22] Carle was convicted of two class A felonies and one class D felony. For the class A felony convictions, Carle faced a sentence of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4(a). She received thirty years—the advisory—on one conviction, and thirty-five years on the other, to be served concurrently. For the class D felony conviction, Carle faced a term of

---

[7] Moreover, even if this aggravator were improper, Carle does not challenge the other two aggravators found by the trial court. Therefore, we are confident that the trial court would have imposed the same sentences even if it had not found the seriousness of the crimes to be an aggravator, and this argument is unavailing in every way.

six months to three years imprisonment, with an advisory term of one and one-half years. I.C. § 35-50-2-7(a). She received a maximum three-year term for this conviction. Had the trial court imposed the maximum terms on each conviction and run them consecutively, Carle faced a maximum aggregate sentence of 103 years imprisonment. Instead, she received an aggregate term of thirty-eight years.

[23] As to the nature of the offenses, it is difficult to overstate their depravity. Carle knew that her boyfriend was molesting her daughter. She was frequently in the house when it happened. And at times, she watched or participated. These events lasted for years, and the molestations occurred nearly every day during those long years of this young child's life. Instead of being able to trust in and rely on her mother, A.A. was repeatedly victimized and traumatized by Carle.

[24] As to Carle's character, while it is true that she does not have a criminal history, these offenses speak volumes about her character. Not only did Carle repeatedly violate her daughter's body and trust, she also threatened her daughter with harm to prevent A.A. from telling anyone about the molestations.

[25] If anything, the trial court showed admirable restraint in imposing an aggregate term of thirty-eight years imprisonment. We do not find that the sentences are inappropriate in light of the nature of the offenses and Carle's character.

The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.