## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2016, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Franklin E. Heathscott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 26, 2016

Court of Appeals Case No.
79A02-1509-CR-1481

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1502-F5-11

**Mathias, Judge.**

[1]     Franklin E. Heathscott ("Heathscott") pleaded guilty in Tippecanoe Superior

Court to Level 5 Felony operating a motor vehicle while privileges are forfeited

for life. Heathscott appeals the five-year sentence imposed for his Level 5 felony conviction arguing that the sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In 1997, Heathscott's driving privileges were forfeited for life. In 2000 and 2014, he was convicted of Class C felony operating a motor vehicle while privileges are forfeited for life. For the 2014 conviction, Heathscott was ordered to serve a seven-year sentence, with five years executed through community corrections and two years suspended to supervised probation.

[4] On February 5, 2015, while he was on house arrest for the 2014 conviction,[1] Heathscott was charged with Level 5 felony operating a motor vehicle while privileges are forfeited for life. On August 7, 2015, Heathscott pleaded guilty to the charge without a plea agreement.

[5] At the sentencing hearing, Heathscott stated that his co-worker was unable to drive him to work on February 5, 2015, and he drove the vehicle knowing that his driving privileges were forfeited for life because he was afraid he would lose his job if he failed to report to work. He requested that the trial court order him to serve his sentence in community corrections. In support of that request,

---

[1] Heathscott was also on probation for a misdemeanor home improvement fraud conviction in Tippecanoe County and a 2006 Class B felony incest conviction in Fountain County.

Heathscott argued that his guilty plea, employment history, the nature of the offense, and the fact that he provides support for his disabled wife were mitigating circumstances.

[6] The State argued that Heathscott should be sentenced to five years executed in the Department of Correction. The State alleged the following aggravating circumstances: Heathscott's significant criminal history, consisting of seven felony and thirteen misdemeanor convictions and numerous petitions to revoke probation, that Heathscott was on probation in three cases when the offense was committed, that prior rehabilitative attempts have failed, and finally the "repetitive nature of the offense." Tr. p. 56.

[7] The trial court considered the parties' arguments and concluded that the aggravating circumstances outweighed the mitigating circumstances. The trial court ordered Heathscott to serve a five-year sentence but determined that it was appropriate to give him "one last chance on community corrections," particularly given the nature of the offense. Tr. pp. 62-63. Therefore, the court ordered three years to be served at the Department of Correction and two years to be served as a direct placement to community corrections. Heathscott now appeals.

## Discussion and Decision

[8] Heathscott argues that his five-year sentence is in appropriate in light of the nature of the offense and the character of the offender. It is well established that matters of sentencing reside within the discretion of the trial court, and "the

trial court's judgment should receive considerable deference." *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). However, appellate review and revision of a convicted defendant's sentence is available "if, after due consideration of the trial court's sentencing decision, [our court] finds that . . . 'the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Id.* (quoting Ind. Appellate Rule 7(B)). Heathscott bears the burden of persuading us that his sentence is inappropriate. *See Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[9] The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). When we review the appropriateness of a sentence, we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] Heathscott was convicted of a Level 5 felony. The sentencing range for a Level 5 felony is one to six years, with the advisory sentence being three years. Ind. Code § 35-30-2-6(b). Heathscott was ordered to serve a five-year sentence, three years to be served at the Department of Correction and two years to be served as a direct placement to community corrections.

[11] Heathscott points out that his offense was relatively minor, and indeed, it was a lower level felony. In addition, he admitted that his decision to drive a vehicle was not smart, but he did so because he was afraid that he would lose his job if he was not able to get to work. However, the context is much larger for this offense.

[12] Heathscott was on house arrest for his 2014 felony conviction for this same offense on the date he committed the instant offense. Heathscott's driving privileges were forfeited for life in 1997. His first felony conviction for operating a motor vehicle while privileges are forfeited for life occurred in 2000. Heathscott's additional driving related offenses are as follows: Class A misdemeanor operating while intoxicated in 1989, Class D felony operating while intoxicated in 1990, three counts of Class A misdemeanor driving while suspended in 1991, two counts Class A misdemeanor driving while suspended in 1992 in two separate causes, Class A misdemeanor operating while intoxicated and Class A misdemeanor driving while suspended in 1995, misdemeanor driving while suspended in 1996, and Class D felony operating a vehicle as a habitual traffic violator in 1997.

[13] Heathscott's criminal history is not limited to driving-related offenses. He has been convicted of Class B felony incest and has three Class D felony theft convictions. He also has misdemeanor convictions for resisting law enforcement (two convictions), theft, home improvement fraud, and failure of a sex offender to possess identification. He has been adjudicated a habitual substance offender.

[14] Throughout Heathscott's criminal history, numerous petitions to revoke probation have been filed. He was on probation for the B felony incest conviction and the misdemeanor home improvement fraud conviction when he committed this offense. In addition, as the trial court noted during sentencing, Heathscott has been previously been given opportunities to serve his sentences through community corrections, but he has violated the terms of his community corrections placements. As we noted above, Heathscott was serving the sentence imposed for his 2014 Class C felony conviction for operating a motor vehicle while privileges are forfeited for life through community corrections when he committed the instant offense.

[15] The trial court thoughtfully considered the reason Heathscott committed this offense and his decision to plead guilty and weighed those circumstances against his extensive criminal history when it crafted Heathscott's sentence. For all of these reasons, we conclude that Heathscott's five-year sentence, with three years to be served at the Department of Correction and two years to be served as a direct placement to community corrections, is not inappropriate in light of the nature of the offense and the character of the offender.

[16] Affirmed.

Vaidik, C.J., and Barnes, J., concur.