## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2016, 5:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremiah A. Henley, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | June 27, 2016 <br><br> Court of Appeals Case No. <br> 02A04-1601-CR-174 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1507-F6-614 |

**Brown, Judge.**

[1] Jeremiah A. Henley appeals his sentence for possession of cocaine or narcotic drug as a level 6 felony, possession of synthetic drug or synthetic lookalike substance as a class A misdemeanor, and possession of paraphernalia as a class C misdemeanor. Henley raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

[2] On July 2, 2015, at approximately 3:30 p.m., Fort Wayne Police Officer Mark Bell was in the area of Freimann Square, a park in Fort Wayne, when he observed Henley near a large fountain in the park. Officer Bell recognized him from previous investigations, he learned that Henley had an active warrant out for his arrest, and he arrested him on the outstanding warrant. In conducting a search incident to arrest, Officer Bell recovered two pipes containing burned residue from Henley's coat. He also recovered three clear plastic bags containing a green plant material that Henley identified as "spice" or synthetic marijuana, a brown, hand-rolled cigarette containing a green plant material, and ten capsule-shaped pills later identified as acetaminophen and hydrocodone bitartrate, a schedule II controlled substance, with an aggregate weight of 4.3 grams. Henley claimed to have a valid prescription for the capsules, but he never produced one.

[3] On July 9, 2015, the State charged Henley with Count I, possession of cocaine or narcotic drug (hydrocodone) as a level 6 felony; Count II, possession of a synthetic drug or synthetic lookalike substance as a class A misdemeanor; and

Count III, possession of paraphernalia as a class C misdemeanor. On July 27, 2015, Henley, the State, and the trial court signed a Drug Court / Problem-Solving Court Participation Agreement (the "Participation Agreement") whereby Henley would plead guilty to all charges, the pleas would be taken under advisement pending his successful completion of the Drug Court Program, and, upon his successful completion, his plea would be vacated and the case dismissed. The Participation Agreement also stated that if Henley failed to successfully complete the Drug Court Program, he could be terminated from the program and the trial court could enter judgment on the pleas of guilty and sentence Henley accordingly.

[4] On September 8, 2015, the court found Henley in violation of the Drug Court Program rules, but it decided to return him to the program on September 15, 2015. Then, on September 18, 2015, Henley failed to appear for a hearing and the trial court issued a warrant for his arrest. On November 16, 2015, the State filed a verified petition to terminate Henley's drug court participation, that same day he admitted to the violation, and the court terminated his participation in the Drug Court Program.

[5] On December 17, 2015, the court held the sentencing hearing at which Henley admitted that he was terminated from Thirteen Step House and Freedom House drug programs and failed to appear at the scheduled court hearing on September 21, 2015. The court sentenced Henley to two years executed for Count I, one year executed for Count II, and sixty days executed for Count III, and it ordered that the sentences be served concurrently but consecutively to his

sentence in another case. Thus, Henley was ordered to serve an aggregate two-year sentence in the Department of Correction.

## *Discussion*

[6] The issue is whether Henley's sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Relief is available if, after due consideration of the trial court's sentencing decision, this Court finds that in our independent judgment, the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). "[A]ppellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light

in a given case." *Hines*, 30 N.E.3d at 1225 (quoting *Cardwell*, 895 N.E.2d at 1224).

[7] Henley argues that he accepted his responsibility by admitting his guilt as well as the drug court violations. He asserts that his actions were nonviolent and that there was no damage done to any third parties. His position is that, although his "criminal history is extensive," his felony offenses are nonviolent in nature and only three of his twelve misdemeanor offenses involved violence. Appellant's Brief at 12. He requests that we revise his sentence to an aggregate term of one and one-half years, including one year suspended and one year of probation.

[8] Our review of the nature of the offense reveals that Henley was apprehended in a public park in possession of multiple illegal substances and paraphernalia. Our review of the character of the offender reveals that he pled guilty pursuant to the Participation Agreement and was afforded the opportunity to participate in the Drug Court Program, but he was unsuccessful in completing the program. The presentence investigation report ("PSI") reveals that he has an extensive criminal history. As a juvenile, Henley was found delinquent for truancy and was reprimanded and released for being a runaway in 1993. In 1994, he was found delinquent for committing theft and was placed on probation. As an adult, he was convicted of minor in consumption of alcohol in 1996, theft as a class D felony in 1997, receiving stolen auto parts as a class D felony in 1998, "Never Receive License" in 2002, operating while suspended in 2003, possession of marijuana in 2004, operating while suspended in 2005,

operating while suspended in 2006, possession of marijuana as a class D felony in 2006, and driving while suspended in 2010. Appellant's Appendix at 63. Also, in 2012, he was convicted of battery resulting in bodily injury, interference with reporting a crime, criminal mischief, and domestic battery. In 2015, he was convicted of domestic battery and was ordered to serve 365 days in the Allen County Jail consecutive to his sentence in this case. In his dealings with the criminal justice system, Henley has had his suspended sentences revoked six times and his parole revoked once.

[9] After due consideration, we conclude that Henley has not sustained his burden of establishing that his sentence of two years, following the termination of his participation in the Drug Court Program, is inappropriate in light of the nature of the offenses and his character.

## *Conclusion*

[10] For the foregoing reasons, we affirm Henley's sentence for possession of cocaine or narcotic drug as a level 6 felony, possession of synthetic drug or synthetic lookalike substance as a class A misdemeanor, and possession of paraphernalia as a class A misdemeanor.

[11] Affirmed.

Baker, J., and May, J., concur.