## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory T. Clark, II,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

December 9, 2016

Court of Appeals Case No.
02A03-1607-CR-1481

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D05-1602-F3-8

**Brown, Judge.**

[1]  Gregory T. Clark, II appeals his sentence for robbery as a level 3 felony. Clark raises one issue which we restate as whether his sentence is inappropriate based on the nature of the offense and the character of the offender. We affirm.

*Facts and Procedural History*

[2]  On January 27, 2016, Clark knowingly and intentionally, while armed with a handgun, robbed a gas station in Fort Wayne, Indiana. On February 2, 2016, the State charged Clark with: Count I, robbery as a level 3 felony; Count II, unlawful possession of a firearm by a serious violent felon as a level 4 felony; and Count III, resisting law enforcement as a level 6 felony. On May 20, 2016, the court held a guilty plea hearing at which Clark pled guilty to Count I.[1]

[3]  On June 13, 2016, the court held a sentencing hearing at which Clark indicated he did not have additions or corrections to the presentence investigation report ("PSI"). Clark's counsel requested the court sentence him to the minimum executed sentence, noted that he had a revocation pending in Adams County for which he would serve four years, and asked the court to consider Clark's drug addiction. The State argued that the aggravating factors include Clark's criminal history and failed efforts at rehabilitation, that he was on probation when he committed the present offense, and that he was placed in a high risk to reoffend category. Clark stated that he was diagnosed with epilepsy and could

---

[1] At the hearing, Clark's counsel stated that Clark was "pleading straight up to Count I, and then at sentencing [the State was] going to dismiss 2 and 3, but it's not in a plea agreement." Guilty Plea Transcript at 4.

not operate a forklift any longer and could not provide for himself, that he was never brought up to be a thief, that when he committed the crime he was not in his right mind and was overwhelmed with life, and that he needs to be there for his family. The court found Clark's criminal history to be an aggravating circumstance and noted that it included a prior armed robbery. The court stated that it was clear that Clark had numerous opportunities to address his addiction and had chosen not to take them and found that his addiction was not a mitigating circumstance. It found Clark's guilty plea to be a mitigating factor, and sentenced him to twelve years, ordered him to pay restitution of $485.32, and dismissed Counts II and III.

## *Discussion*

[4] The issue is whether Clark's sentence is inappropriate based on the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Relief is available if, after due consideration of the trial court's sentencing decision, this court finds that in its independent judgment, the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). Sentencing is principally a discretionary function in which the trial court's judgment should

receive considerable deference. *Id.* (citation omitted). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* (citation omitted).

[5] Clark contends that, while the criminal conduct was significant, that fact was already reflected in the charge of robbery as a level 3 felony and there was no need to "double count" the conduct by further aggravating the sentence of an elevated charge. Appellant's Brief at 8. He further argues that, since he was sixteen years old, he has been under the influence of an addiction to drugs and that the addiction explains his theft and possession charges. He requests that his sentence be revised to the minimum executed sentence with whatever addiction programs or services the court sees fit to order.

[6] The State argues that this was Clark's second conviction for armed robbery and that he was on probation for the previous robbery when he committed the instant one. It argues that Clark's criminal career began as a juvenile and consists of two prior felony convictions, and that his criminal history shows that he learned nothing from his prior contacts with the criminal justice system and failed to take advantage of the opportunities that were presented to rehabilitate himself and live a productive and meaningful life.

[7] A person who commits a level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with the advisory sentence being nine years, *see* Ind. Code § 35-50-2-5, and the court sentenced Clark to twelve years.

[8] With respect to the nature of the offense, the record reveals that in January 2016 Clark knowingly and intentionally, while armed with a handgun, robbed a gas station and took $485.32. With respect to the character of the offender, Clark pled guilty to robbery as a level 3 felony and the other counts against him of unlawful possession of a firearm by a serious violent felon and resisting law enforcement were dismissed. The PSI indicates that, as a juvenile, Clark was adjudicated to be delinquent in 2006 for criminal mischief as a class B misdemeanor if committed by an adult and leaving home, and in 2007 for disorderly conduct as a class B misdemeanor if committed by an adult and possession of marijuana as a class A misdemeanor if committed by an adult, for which he was placed on probation and ordered to participate in drug/alcohol counseling and random urinalysis testing and for which he was unsatisfactorily discharged from probation. His criminal history as an adult includes convictions for two counts of criminal conversion as class A misdemeanors in 2010, one for which he was sentenced to unsupervised probation and ordered to complete a "Caring About People Theft Intervention Program," armed robbery as a class B felony in Adams County in April 2011 for which he was sentenced to fourteen years with four years suspended to probation, and possession of a controlled substance as a class D felony and resisting law enforcement as a class A misdemeanor in July 2011. Appellant's Appendix, Volume 2, at 16. The PSI

further indicates that Clark was released to probation on June 6, 2014, in the Adams County case and was on probation in that cause at the time of the January 27, 2016 robbery. With respect to substance abuse, the PSI states that he reported he first tried alcohol at age seventeen, that he first tried marijuana at age eighteen and used every other day until 2010 when he quit, that he first tried cocaine in September 2015 and used daily until his present incarceration, and that he first used Xanax without a prescription on the day he committed the present offense. The PSI further states that Clark's overall risk assessment score using the Indiana risk assessment system places him in the high risk to reoffend category.

[9] After due consideration, we conclude that Clark has not met his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

### *Conclusion*

[10] For the foregoing reasons, we affirm Clark's sentence for robbery as a level 3 felony.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.