## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2017, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Craig, | July 28, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1611-CR-2488 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Angela Dow Davis, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G16-1603-F6-8543 |

**Vaidik, Chief Judge.**

# Case Summary

[1] After breaking into his ex-girlfriend's apartment, Justin Craig was arrested and convicted of two counts of Level 6 felony residential entry (entering through the balcony and re-entering through the front door) and two counts of Class B misdemeanor criminal mischief (damage to the front door and to his ex's iPhone).

[2] On appeal, Craig raises multiple arguments. He contends that the two convictions for residential entry violate the continuous-crime doctrine and that he cannot be convicted of both offenses. He also argues that his convictions for residential entry through the front door and for criminal mischief for damage to that same door violate the actual-evidence test of our double-jeopardy clause. Last, Craig argues that the evidence is insufficient to sustain his conviction for criminal mischief for damage to the iPhone. The State concedes that Craig's convictions for residential entry through the front door and for criminal mischief regarding the same door constitute double jeopardy. Finding no other errors, we affirm in part and remand in part.

# Fact and Procedural History

[3] On the evening of March 2, 2016, Keana Jackson was at her apartment in Indianapolis with her friend Antonio and her daughter. At some point Jackson called Craig, her ex-boyfriend, but did not speak with him. Craig tried calling Jackson back, but she did not answer. Approximately thirty minutes after

receiving the call from Jackson, Craig showed up at her apartment. Rather than enter through the front door, Craig climbed up Jackson's balcony and entered her apartment through the open balcony door. Once Antonio saw Craig inside the apartment, Antonio "immediately ran out of the front door." Tr. Vol. II p. 6. Craig ran out of the apartment after Antonio, following him to the stairs. Jackson shut and locked the front door behind them.

[4] Jackson's daughter was upset by the commotion, so Jackson went to tend to her. While calming down her daughter, Jackson heard a noise and walked back into the living room to see that Craig had broken through the front door and was standing in her apartment. Jackson grabbed her iPhone and tried calling for help, but Craig ripped the phone away from her and threw it against the wall, cracking the glass screen protector. *See* Ex. 8.

[5] Despite Jackson being unable to call for help, the police arrived at her apartment. Indianapolis Metropolitan Police Department Officer Matthew Musselman questioned Jackson and Craig. Jackson told the officer that Craig had broken into her home through the balcony door and the front door, that he had headbutted her, and that he had broken her phone. Craig admitted to the officer that he had entered the apartment through the balcony door and broken Jackson's front door. The State charged Craig with two counts of Level 6 felony residential entry (entry through the balcony and entry through the front door), one count of Class A misdemeanor battery resulting in bodily injury, and two counts of Class B misdemeanor criminal mischief (damage to the front door and damage to Jackson's phone).

[6] A bench trial was held in August 2016. At the conclusion of the trial, the court found Craig not guilty of battery resulting in bodily injury but guilty on both counts of residential entry and both counts of criminal mischief. Craig was sentenced to a total of 545 days in jail with 529 days suspended to probation.[1]

[7] Craig appeals.

# Discussion and Decision

[8] Craig raises three arguments on appeal. First, he contends that his two convictions for residential entry violate the continuous-crime doctrine. He also argues that, even if we affirm the entry of judgment on both residential-entry counts, his convictions for residential entry through the front door and criminal mischief for damage to the front door violate Indiana's double-jeopardy clause. Last, he asserts that the evidence is insufficient to support his conviction for criminal mischief for damage to Jackson's phone.

# I. Continuous-Crime Doctrine

[9] Craig argues that his two entries into Jackson's apartment were part of one continuous act and therefore his multiple convictions for the same crime violate Indiana's continuous-crime doctrine. This is a question of law that we review de novo. *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015).

---

[1] Craig was also charged with one count of Level 6 felony battery in the presence of a minor. After the State rested, the trial court entered a directed verdict in favor of Craig on this count.

[10] The continuous-crime doctrine is "limited to situations where a defendant has been charged multiple times with the same offense." *Id.* The doctrine "does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single chargeable crime." *Riehle v. State*, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*. Thus, the doctrine "prevents the State from charging a defendant twice for the same continuous offense." *Id.* The continuous-crime doctrine provides that "actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.*

[11] Craig contends that both of his entries into Jackson's apartment occurred during "a very short period of time" and that the events occurred "in the space between [the] two entry points of Jackson's apartment." Appellant's Br. p. 8. He further contends that his purpose for both entries into the apartment was to talk with Jackson since she would not answer his calls and that his actions were continuous from the time he entered through Jackson's balcony door. We agree with Craig that both entries into the apartment occurred within a relatively short period. However, that is where our agreement ends.

[12] Craig entered Jackson's apartment through two different entry points. He first gained entry by climbing Jackson's balcony and walking through the open balcony door to talk to her about why she would not answer his calls. Upon entering the apartment, Craig abandoned this mission and chased Antonio out

the front door, following him to the stairwell. Craig then returned to Jackson's apartment and broke down her front door. Given that Craig entered the apartment through two different entrances and that his actions were not part of a single transaction, we affirm his two convictions for Level 6 felony residential entry.

## II. Double Jeopardy

Craig argues that, even if we uphold both of his residential-entry convictions, his convictions for Count II, residential entry through the front door, and Count V, criminal mischief for damage to the front door, violate the actual-evidence test under the double-jeopardy clause of the Indiana Constitution. The State "agrees" that these convictions "violate the principles of double jeopardy." Appellee's Br. p. 10. To find a double-jeopardy violation under the actual-evidence test "we must conclude that there is a reasonable probability that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (quotations omitted).

Craig gained entry into Jackson's apartment by damaging the front door. The State concedes that the same evidentiary facts were used to establish residential entry through the front door and criminal mischief to the front door. Thus, we remand to the trial court with instructions to vacate Craig's conviction and sentence on Count V.

# III. Sufficiency of Evidence

[14] Craig's final argument is that the evidence is insufficient to support his conviction for criminal mischief for damage to Jackson's iPhone. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses; that role is reserved for the factfinder. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). "The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction." *Id.* A conviction will be affirmed "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.*

[15] Craig contends that the State failed to prove beyond a reasonable doubt that he damaged Jackson's iPhone. The charging information on this count states, "On or about March 3, 2016, JUSTIN CRAIG did, without the consent of Keana Jackson, recklessly, knowingly or intentionally damage or deface the property of Keana Jackson, to-wit: phone[.]" Appellant's App. Vol. II p. 19. Craig concedes that the glass screen protector cracked when he threw the phone. *See* Appellant's Br. p. 5. Nevertheless, he argues that the State failed to prove that he damaged the actual phone. We disagree.

[16] When consumers purchase smartphones they often purchase protective gear, such as screen protectors and/or phone cases, for their phones. Once attached to the phone, the protective gear becomes part of the phone. The evidence

presented showed that Jackson had a glass screen protector attached to her iPhone when Craig threw it against the wall. *See* Ex. 8. Thus, when Craig threw the phone against the wall and cracked the glass screen protector, he damaged the phone. The evidence is sufficient to support Craig's conviction for Class B misdemeanor criminal mischief for damage to Jackson's phone.

[17] Affirmed in part and remanded in part.

Brown, J., and Pyle, J., concur.