Anthony LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1504–CR–193.

Court of Appeals of Indiana.

Nov. 30, 2015.

---

Michael G. Moore, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Tyler G. Banks, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

NAJAM, Judge.

### Statement of the Case

[1] Anthony Lewis was convicted of two counts of resisting law enforcement, one as a Class D felony and one as a Class A misdemeanor, and one count of operating a motor vehicle while license suspended, as a Class A misdemeanor, following a jury trial. Lewis appeals and presents a single issue for our review, namely, whether the two resisting law enforcement convictions violate double jeopardy principles. We reverse and remand with instructions.

### Facts and Procedural History

[2] On March 12, 2012, Lawrence Police Department Reserve Officer Michael Clark initiated a traffic stop after observing the driver of a white van commit two traffic infractions. Officer Clark asked the driver, Lewis, for his driver's license and registration, and Lewis stated that he had neither. Officer Clark asked Lewis for his first name, and Lewis paused for fifteen seconds, repeatedly said "Um," and then he "blurted out 'John.'" Tr. at 44–45.

Officer Clark also asked Lewis for his age and date of birth, and Lewis responded that he was thirty-seven years old and born in 1967. Officer Clark then instructed Lewis to get out of the van. Lewis did not comply, and he abruptly drove off at a high rate of speed. Officer Clark got back into his police car and pursued Lewis in a high-speed chase.

[3] After some time, Lewis pulled into a parking lot with only one route of egress. Officer Clark pulled into the parking lot behind Lewis, and he saw Lewis exit the van and run towards 30th Street. Officer Clark shouted at Lewis to stop, but Lewis, who was approximately three-quarters of a block away from the officer, continued to run. Officer Clark chased Lewis on foot, but Officer Clark lost sight of him after a while. At that point, several police officers set up a perimeter and searched the area for Lewis. That search was unsuccessful.

[4] In the meantime, Officer Clark ran the license plate on the van and contacted the van's owner, Leroy Mason. Mason told Officer Clark that Lewis had borrowed his van that day. Officer Clark then identified Lewis both from a photograph maintained by the Bureau of Motor Vehicles and in a photo array.

[5] The State charged Lewis with resisting law enforcement, as a Class D felony, for fleeing by van; resisting law enforcement, as a Class A misdemeanor, for fleeing on foot; and operating a vehicle while license suspended, as a Class A misdemeanor. A jury found Lewis guilty as charged, and the trial court entered judgment and sentence accordingly. This appeal ensued.

### Discussion and Decision

[6] Lewis contends that the trial court erred when it entered judgment of conviction on two counts of resisting law enforcement because both counts were based on

one continuous incident of fleeing from the police. Essentially, this argument is a double jeopardy argument based on the federal constitution, which prohibits imposition of two punishments for a single offense arising from one set of operative circumstances. *Arthur v. State,* 824 N.E.2d 383, 385 (Ind.Ct.App.2005) (citing *Idle v. State,* 587 N.E.2d 712, 715 (Ind.Ct. App.1992), *trans. denied* ), *trans. denied.* The State agrees with Lewis. Both Lewis and the State ask that we reverse Lewis' conviction for resisting law enforcement, as a Class A misdemeanor, to resolve the double jeopardy violation.

[7] A person commits the offense of resisting law enforcement as a Class A misdemeanor when he flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop. Ind. Code § 35–44–3–3(a)(3) (2011). The offense becomes a D felony if, while committing it, the person uses a vehicle. I.C. § 35–44–3–3(b)(1)(A). In *Arthur,* as here, the defendant was convicted of two counts of resisting law enforcement—one count for fleeing the officers on foot and one count for fleeing the officers in a vehicle.

[8] In *Arthur,* we described the offenses as follows:

> The facts upon which Arthur's convictions are based show that Arthur sped off in his truck as Officer McGuire—in full uniform—approached Arthur's vehicle after initiating a traffic stop. When Arthur crashed the truck into a fence, he bailed out of the truck and then led the police on a foot chase. Arthur does

not dispute that he fled from officers both in a vehicle and on foot. Instead, he argues that there was only one continuous act of fleeing, and thus, the trial court should not have entered judgment of conviction on the two separate counts of resisting law enforcement.

824 N.E.2d at 385. Likewise, here, after Officer Clark initiated a traffic stop, Lewis led him on a high-speed automobile chase. And after Lewis abandoned his van in a parking lot, he led police on a foot chase.

[9] The instant case is on all fours with *Arthur.* Lewis' actions of fleeing by vehicle and then on foot constitute one continuous act of resisting law enforcement, and we hold that convictions on both counts cannot stand. *Id.* at 387. And our holding is consistent with our supreme court's recent decision in *Hines v. State,* 30 N.E.3d 1216, 1220 (Ind.2015), where the court clarified that the continuous crime doctrine applies "only where a defendant has been charged multiple times with the same 'continuous' offense." In *Hines,* our supreme court explained that "[t]he Legislature, not this Court, defines when a criminal offense is continuous, e.g. not terminated by a single act or fact but subsisting for a definite period and covering successive, similar occurrences."[1] 30 N.E.3d at 1219. As we held in *Arthur,* a defendant's fleeing by vehicle and then on foot "constitute one continuous act of resisting law enforcement[.]" 824 N.E.2d at 387. We hereby remand this case to the trial court to vacate Lewis' conviction for Class A misdemeanor resisting law enforcement.[2]

---

1. While *Hines* addresses the continuing crime doctrine under Indiana law, we discern no difference between that analysis and the corresponding analysis under federal law in *Idle* and *Arthur. See, e.g., Blockburger v. United States,* 284 U.S. 299, 301–02, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (holding that legislative in-

tent determines whether an offense is continuous for purposes of the continuing crime doctrine).

2. Lewis does not appeal his convictions for Class D felony resisting law enforcement and operating a vehicle while license suspended.

[10] Reversed and remanded with instructions.

KIRSCH, J., and BARNES, J., concur.