## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Schoonover,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 11, 2016

Court of Appeals Case No. 49A02-1509-CR-1307

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

The Honorable David M. Seiter, Commissioner

Trial Court Cause No. 49G20-1502-F5-6140

**Crone, Judge.**

# Case Summary

Timothy Schoonover appeals his convictions and sentences for two counts of resisting law enforcement, one as a level six felony and one as a class A misdemeanor. The sole issue presented for our review is whether Schoonover's convictions violate double jeopardy principles. We conclude that they do and therefore reverse and remand with instructions for the trial court to vacate Schoonover's class A misdemeanor conviction and sentence.

# Facts and Procedural History

On February 17, 2015, Schoonover fled from Hamilton County and Fishers police officers in a white Chevrolet pickup truck. Those officers pursued Schoonover's vehicle until it proceeded southbound on Binford Boulevard. Indianapolis Metropolitan Police Department Officer Adam Mengerink received a dispatch concerning the white truck and observed Schoonover run a red light at the intersection of Binford and 65th Street. Officer Mengerink activated his emergency lights and attempted to stop Schoonover's vehicle. Schoonover did not stop and instead made "aggressive" lane movements and drove "down an embankment … through a drainage ditch and then up the hill into an Exxon parking lot." Tr. at 9. Officer Mengerink pursued Schoonover's vehicle onto 62nd Street and then onto Roberts Place, a dead-end road.

Schoonover stopped his car in a yard, got out of his vehicle, and ran east across the southbound lanes of Binford. Officer Mengerink simultaneously exited his vehicle, yelled "stop police," and ran after Schoonover, who was twenty-five to

thirty yards ahead of him. *Id*. at 11. After Schoonover managed to cross both the southbound and northbound lanes of Binford, he stopped on a hill, turned, and pointed what "looked like … a silver handgun" at Officer Mengerink. *Id*. at 12. Officer Mengerink, who was still in the median, drew his gun but "was unable to fire due to cross traffic." *Id*. at 12-13. Schoonover then continued to run and eventually hopped a fence. Officer Mengerink pursued Schoonover on foot until he lost visual contact. A K-9 unit and SWAT unit arrived on the scene and subsequently located Schoonover hiding underneath the back deck of a home.

[4] The State charged Schoonover with level 5 felony carrying a handgun without a license, level 6 felony criminal recklessness, and two counts of resisting law enforcement, one as a level 6 felony based on fleeing in a vehicle and one as a class A misdemeanor based on fleeing on foot. Schoonover waived his right to a jury trial, and a bench trial was held on July 15, 2015. During closing argument, defense counsel conceded that Schoonover was guilty of the resisting law enforcement charges but argued that the State had not proven the other two charges beyond a reasonable doubt. At the conclusion of the trial, Schoonover was convicted of the two counts of resisting law enforcement and acquitted of the other two charges.

[5] During sentencing, the trial court entered judgment of conviction on both counts of resisting law enforcement. The court sentenced Schoonover to concurrent sentences of 910 days for the level 6 felony and one year for the class A misdemeanor. This appeal ensued.

# Discussion and Decision

[6] Schoonover asserts that his convictions violate double jeopardy principles. Specifically, he asserts that his two convictions for resisting law enforcement—one for fleeing in a vehicle and one for fleeing on foot—cannot stand because his actions constituted one continuous crime of resisting law enforcement. We agree.

[7] This Court has previously stated that the continuous crime doctrine "reflects a category of Indiana's prohibition against double jeopardy." *Walker v. State*, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010).[1] "The continuous crime doctrine is a rule of statutory construction and common law limited to situations where a defendant has been charged multiple times with the same offense." *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015). The doctrine "does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather it defines those instances where a defendant's conduct amounts only to a single chargeable crime." *Id*. This Court has repeatedly determined, under circumstances similar to those that occurred here, that a defendant's acts of fleeing by a vehicle and then on foot constitute one continuous act of resisting law enforcement. *Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015);

---

[1] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." The Fifth Amendment to the United States Constitution provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." We have discerned no difference between the analysis of the continuous crime doctrine under Indiana or federal law. *Lewis v. State*, 43 N.E.3d 689, 691 n.1 (Ind. Ct. App. 2015).

*Arthur v. State*, 824 N.E.2d 383, 385 (Ind. Ct. App. 2005), *trans. denied*; *Nevel v. State*, 818 N.E.2d 1, 5 (Ind. Ct. App. 2004).

[8] The State does not challenge, and therefore concedes, that Schoonover's two convictions were based upon one continuous act of resisting law enforcement in violation of the continuous crime doctrine. Nevertheless, the State maintains that Schoonover invited this error and therefore cannot take advantage of the error on appeal. The doctrine of invited error is grounded in estoppel and provides that a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). In other words, "error invited by the complaining party is not reversible error." *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002). Indeed, our supreme court has stated that "even constitutional errors may be invited." *Brewington v. State*, 7 N.E.3d 946, 977 (Ind. 2014), *cert. denied* (2015).

[9] During closing argument, Schoonover's counsel conceded that based upon the evidence, he could "see that Mr. Schoonover [definitely] resisted law enforcement based in car and on foot." Tr. at 41. Counsel then concentrated his summation efforts on the evidentiary deficiencies of the two handgun-related counts, and concluded by requesting that the trial court find Schoonover guilty of the resisting law enforcement "counts" but not guilty of either of the handgun related counts. *Id*. at 43. The State claims not only that Schoonover, through his counsel, invited the trial court to enter convictions in violation of the continuous crime doctrine, but also that counsel's concession of guilt is akin

to a guilty plea, and thus Schoonover has waived the right to challenge his convictions on double jeopardy grounds. *See Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002) (defendant waived right to challenge convictions on double jeopardy grounds when he entered plea agreement).

[10] We disagree with the State's characterization. The fact remains that Schoonover did not plead guilty to the two counts of resisting law enforcement, and we do not think that his counsel's misguided statements during closing argument invited the constitutional error or resulted in a forfeiture of Schoonover's right to challenge the double jeopardy violation on appeal. Moreover, even if we were to conclude that Schoonover invited the error he now complains of, both our supreme court and this Court have determined that we may address the merits of an error that is invited if such error was fundamental. *See Roach v. State*, 695 N.E.2d 934, 942 (Ind. 1998); *Cuto v. State*, 709 N.E.2d 356, 361 (Ind. Ct. App. 1999). As we explained in *Cuto*, a double jeopardy violation, if shown, "ensnares fundamental rights," and therefore the invited error doctrine must "yield to the constitution." 709 N.E.2d at 361. We think that the error here was fundamental.

[11] In sum, because Schoonover's actions of fleeing the police by vehicle and then on foot constituted one continuous act of resisting law enforcement, his convictions and sentences for two counts violate double jeopardy principles and cannot stand. Accordingly, we reverse and remand to the trial court with instructions to vacate Schoonover's conviction and sentence for class A misdemeanor resisting law enforcement.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.