MEMORANDUM DECISION
ON REHEARING



ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Myles K. Martin, Jr, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 10, 2016 <br><br> Court of Appeals Case No. <br> 82A01-1507-CR-966 <br><br> Appeal from the Vanderburgh <br> Superior Court <br><br> The Honorable Robert J. Pigman, <br> Judge <br><br> Trial Court Cause No. <br> 82D02-1404-FB-418 |

**Najam, Judge.**

## Statement of the Case

[1] Myles K. Martin, Jr. petitions for rehearing following our memorandum

decision in which we affirmed his convictions. *See Martin v. State*, No. 82A01-

1507-CR-966 (Ind. Ct. App. Mar. 17, 2016). We grant Martin's petition to address the following issue: whether the trial court violated the prohibition against double jeopardy under the Fifth Amendment to the United States Constitution when the court entered its judgment of conviction against Martin for both resisting law enforcement, as a Class D felony, and resisting law enforcement, as a Class A misdemeanor. We agree with Martin that the entry of the judgment of conviction on both of those offenses violated double jeopardy principles. Accordingly, we grant Martin's petition for rehearing and reverse his conviction for resisting law enforcement, as a Class A misdemeanor, and we remand with instructions that the trial court vacate that conviction and its related sentence. In all other respects, we affirm our original memorandum decision.

## Facts and Procedural History

We need not restate all the facts underlying Martin's convictions in this decision. Rather, as relevant to rehearing, we need only consider the following facts: on March 29, 2014, officers attempted to stop Martin as he drove a stolen SUV, but Martin used the vehicle to flee. After a brief chase, officers disabled the vehicle, which Martin immediately abandoned. He then fled from the officers on foot before being apprehended.

According to the State's ensuing charging information, Martin committed resisting law enforcement, as a Class D felony, when he fled from officers in the SUV. The State separately charged Martin with resisting law enforcement, as a

Class A misdemeanor, when he fled on foot. The State's evidence and arguments at trial comported with the charging information, and the trial court entered judgment of conviction against Martin on both counts.

## Discussion and Decision

[4] The entry of the judgment of conviction against Martin for both resisting law enforcement, as a Class D felony, and resisting law enforcement, as a Class A misdemeanor, violated the constitutional prohibition against double jeopardy. As we recently explained, when a defendant flees from law enforcement by a vehicle and then exits that vehicle to continue fleeing by foot, the defendant has committed one continuous act of resisting law enforcement. *Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015) (following *Arthur v. State*, 824 N.E.2d 383, 387 (Ind. Ct. App. 2005), *trans. denied*). Martin's facts are substantively identical to those in *Lewis* and *Arthur*. Accordingly, we grant Martin's petition for rehearing to clarify our original memorandum decision and correct this constitutional error. We reverse Martin's conviction for resisting law enforcement, as a Class A misdemeanor, and we remand with instructions that the trial court vacate that conviction and its related sentence.

[5] In all other respects, we affirm our original memorandum decision.

May, J., concurs.

Riley, J., would deny rehearing without opinion.