## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2017, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| George Landy, *Appellant-Defendant,* | November 9, 2017 |
| v. | Court of Appeals Case No. 49A02-1704-CR-769 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Barbara Cook-Crawford, Judge |
| | Trial Court Cause No. 49G09-1606-F6-23235 |

**Altice, Judge.**

**Case Summary**

[1] George Landy was convicted of a number of criminal offenses, including resisting law enforcement, criminal mischief, leaving the scene of an accident, and unauthorized entry of a motor vehicle. On appeal, he raises double jeopardy concerns and challenges the sufficiency of the evidence.

[2] We affirm in part, reverse in part, and remand.

## Facts & Procedural History

[3] On June 12, 2016, David Chic reported stolen his 2005 BMW, which he had purchased earlier that year for $13,000. Indianapolis Metropolitan Police Officer Albert Teaters was on patrol around 1:30 a.m. on June 14, 2016, when he encountered the BMW heading northbound near the intersection of Dr. Martin Luther King, Jr. Street and 21st Street. Landy was driving the BMW.

[4] After checking the plate and discovering that the vehicle had been reported stolen, Officer Teaters radioed for backup while following the BMW. The BMW began accelerating and made a right turn onto Fall Creek Boulevard. It then abruptly turned left onto Paris Avenue and accelerated to over eighty miles per hour. Officer Teaters activated his lights and sirens, but the BMW continued at a high rate of speed for several blocks without slowing at stop signs. The BMW then careened off the road as Paris Avenue ended at 28th Street. It then violently struck two parked vehicles and pushed them toward

Shamika Cole's house, as the BMW continued into Cole's backyard and came to a stop. All three vehicles sustained extensive damage.[1]

[5] Within seconds of the collision, Officer Teaters parked and exited his patrol car. Landy then opened the driver's side door of the BMW and ran from the scene. Officer Teaters chased Landy while ordering him to stop. He eventually tased Landy to gain control of him in a dark alley.

[6] Landy was arrested and charged with the eight counts: Count I, Level 6 felony resisting law enforcement; Count II, Class A misdemeanor resisting law enforcement; Counts III through V, Class A misdemeanor criminal mischief; Counts VI and VII, Class B misdemeanor leaving the scene of an accident; and Count VIII, Class B misdemeanor unauthorized entry of a motor vehicle. At his jury trial on December 7, 2016, the jury found him guilty as charged. That same day, the trial court entered judgments of conviction on all eight counts.

[7] The sentencing hearing took place on March 13, 2017, at which the trial court vacated the conviction on Count IV "based on Double Jeopardy". *Transcript Vol. 2* at 149. The trial court observed (incorrectly) that Count VII had been dismissed prior to trial.[2] The sentencing order, however, is ambiguous with respect to Count VII. It lists the disposition of Count VII twice, once as

---

[1] One of the vehicles struck was Cole's 2006 Nissan Altima, and the other was Terrence Robinson's late-model Volvo. Both were operational prior to the collision.

[2] Counts V and VII were dismissed on the State's motion in September 2016. However, the court granted the State's motion to refile these counts prior to the trial, and the jury found Landy guilty on both counts.

"Finding of Guilty" and once as "Dismissed". *Appendix Vol. II* at 15. The order then sets out a sentence for Count VII. Accordingly, we will proceed as though Landy was convicted of Counts I through III and V through VIII. On these counts, the trial court imposed an aggregate sentence of 910 days, with 730 of those days served in the Department of Correction and 180 days on home detention. Landy now appeals.

## Discussion & Decision

### Double Jeopardy

Landy argues that a number of his convictions violate principles of double jeopardy found in Article 1, Section 14 of the Indiana Constitution. He asks that we vacate one count each of resisting law enforcement, leaving the scene of an accident, and criminal mischief. We will address each in turn.

Under Indiana's Double Jeopardy Clause, a defendant may not be convicted of two offenses if with respect to the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Layman v. State*, 42 N.E.3d 972, 980 n.7 (Ind. 2015). This analysis requires a consideration of whether the evidentiary facts used to establish the essential elements of one offense may also have been used to establish all of the essential elements of the second challenged offense. *See Spivey v. State*, 761 N.E.2d 831, 832-33 (Ind. 2002).

[10] Even where different evidence is used to establish two counts, a double jeopardy violation may arise. Relevant here, the continuing crime doctrine reflects a category of Indiana's prohibition against double jeopardy. *Walker v. State*, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010). This doctrine "provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id*. at 735.

[11] With respect to his dual convictions for leaving the scene of an accident (Counts VI and VII), Landy contends that the same actual evidence was used to establish these counts. The State does not dispute this argument, and simply notes that Count VII was dismissed. As addressed above, it is not clear that Count VII was in fact dismissed. Further, conviction on both counts of leaving the scene of an accident clearly constitutes a double jeopardy violation because both counts were based on Landy's flight after the accident. It is of no moment that multiple cars were involved in the single accident. *See Wood v. State*, 999 N.E.2d 1054, 1065 (Ind. Ct. App. 2013) (defendant's three convictions for leaving the scene of an accident subjected him to double jeopardy, "as he was punished three times for an act – leaving the scene of an accident – he committed only once"), *trans. denied*. On remand, the trial court is directed to vacate the conviction and sentence on Count VII.

[12] We turn now to the convictions for resisting law enforcement. Landy was convicted of Level 6 felony resisting (Count I) based on his fleeing from Officer Teaters while driving a vehicle. He was also convicted of Class A misdemeanor

resisting (Count II) based on his running from Officer Teaters after the collision. Landy contends that under the continuing crime doctrine he could be convicted of only one count of resisting law enforcement. We agree, and the State reluctantly concedes that the case law is not in its favor in this regard. Landy's actions of fleeing by vehicle and then on foot constitute one continuous act of resisting law enforcement and, therefore, convictions on both counts cannot stand. *See Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015); *Arthur v. State*, 824 N.E.2d 387 (Ind. Ct. App. 2005) ("whether on foot or in a vehicle, the same 'species' of behavior is proscribed: fleeing"), *trans. denied*. Accordingly, we direct the trial court to vacate Landy's conviction for Class A misdemeanor resisting law enforcement, Count II.

[13] Similarly, Landy challenges his two convictions for criminal mischief under the continuing crime doctrine. Counts III and V charged Landy with damaging the vehicles of Chic and Robinson, respectively. He notes that the damage to both vehicles was caused by the same collision.

[14] A person commits criminal mischief when that person "recklessly, knowingly, or intentionally damages…property of another person without the other person's consent". Ind. Code § 35-43-1-2(a). Damaging property of another person is, thus, a central element of this crime. As a result of the collision, Landy damaged two different items of property owned separately by different people. Accordingly, he could be convicted of two counts of criminal mischief. *Cf. Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006) (one fire damaging properties owned by different people supports multiple counts of arson).

Further, the continuing crime doctrine does not apply here because multiple victims were involved resulting in distinct chargeable crimes. *See Walker*, 932 N.E.2d at 736 ("the continuing crime doctrine does not apply to factual situations where a defendant is charged with two or more distinct chargeable crimes"). *See also Frazier v. State*, 988 N.E.2d 1257, 1264 (Ind. Ct. App. 2013) (finding no double jeopardy violation under either the actual evidence test or the continuing crime doctrine where different victims were involved). Landy's convictions for two counts of criminal mischief do not violate principles of double jeopardy.

**Sufficiency of the Evidence**

Landy challenges the sufficiency of the evidence with respect to Count V, criminal mischief involving Robinson's Volvo.[3] He contends that his conviction should be reduced from a Class A misdemeanor to a Class B misdemeanor because the State failed to establish that his actions resulted in at least $750 in damages to Robinson's vehicle. *See* I.C. § 35-43-1-2(a)(1) (elevating the crime of criminal mischief to a Class A misdemeanor if the resulting pecuniary loss is at least $750 but less than $50,000).

When we consider a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*,

---

[3] Landy also challenges the sufficiency of evidence with respect to the amount of damage to Cole's vehicle. Because the trial court vacated Count IV, we need not address this argument.

51 N.E.3d 1190, 1193 (Ind. 2016). Instead, we consider only the evidence and reasonable inferences supporting the verdict. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

[18] The State offered photographic evidence of the damage to Robinson's vehicle. State's Exhibit 7 shows extensive damage to both driver's side doors of the Volvo station wagon. In the photograph, the frame of the driver's door is broken with a portion jutting in toward the driver's seat, the entire door is caved in, and the side mirror is broken off. The rear driver's side door is also smashed inward, and the vehicle is clearly not drivable. Landy acknowledged during his testimony that the picture evidenced "[v]ery significant" damage to the Volvo. *Transcript Vol. 2* at 94. He also agreed with the State on cross examination that it would likely "cost more than [$750] to fix those cars". *Id.*

[19] While the State did not present testimony establishing the precise amount of damage to the Volvo, we conclude that the photographic evidence, along with Landy's testimony, constituted sufficient evidence for the jury to determine that the damage caused was at least $750. Indeed, the damage depicted in the photograph is so significant as to permit a reasonable inference that the damage amount for the Class A misdemeanor offense has been established. *Cf. Halsema v. State*, 823 N.E.2d 668, 673-74 (Ind. 2005) ("jury may rely on its collective common sense and knowledge acquired through everyday experiences" and, thus, the quantity of a drug or controlled substance may be "so large as to permit a reasonable inference that the element of weight has been established").

## Conclusion

On remand, the trial court is directed to vacate the convictions and sentences entered on Counts II and VII. Landy's convictions on Counts I, III, V, VI, and VIII stand.

Judgment affirmed in part, reversed in part, and remanded.

Baker, J. and Bailey, J., concur.