## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2018, 11:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harry C. Custer, | November 15, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-1539 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, | The Honorable Sarah K. Mullican, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 84D03-1707-F1-2173 |

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Harry C. Custer was convicted of numerous offenses, including resisting law enforcement as a Level 6 felony and as a Class A misdemeanor. On appeal, Custer argues that his convictions for resisting law enforcement violate Indiana's prohibition on double jeopardy. The State concedes that both resisting convictions are based upon a continuous act of resisting and agrees that Custer's conviction for Class A misdemeanor resisting law enforcement should be vacated.

[2] We reverse and remand with instructions to vacate Custer's conviction for Class A misdemeanor resisting law enforcement.

## Facts & Procedural History

[3] After identifying Custer as the suspect in a reported rape, police officers attempted to arrest him the following day during a traffic stop. Custer fled in his vehicle. The chase ended when Custer drove his truck into a field. Custer then exited his truck and fled on foot toward a wooded area. Shortly thereafter, Custer was apprehended without further incident.

[4] Custer was charged with Count I, Level 1 felony rape; Count II, Level 3 felony criminal confinement; Count III, Level 5 felony battery resulting in serious bodily injury; Count IV, Level 5 felony intimidation; Count V, Level 6 felony strangulation; Count VI, Level 6 felony resisting law enforcement; Counts VII and VIII, both charging Level 6 felony battery against a public safety official; and Count IX, Class A misdemeanor resisting law enforcement. The State also alleged that Custer was a habitual offender. A jury trial was held March 20-22,

2018. The jury found Custer guilty of Counts I through III, guilty of Class A misdemeanor intimidation as a lesser included offense of that charged in Count IV, and guilty on Counts V, VI, and IX. The jury found Custer not guilty on Counts VII and VIII. The jury also found Custer to be a habitual offender. The trial court sentenced Custer to an aggregate term of fifty years.[1]

## Discussion & Decision

[5] This court has held that two convictions, one felony conviction for fleeing from officers in a vehicle, and another misdemeanor conviction for fleeing on foot, violate the continuing crime doctrine when both convictions are based upon one continuous incident of fleeing from the police. *See Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015) (holding that "Lewis' actions of fleeing by vehicle and then on foot constitute one continuous act of resisting law enforcement, and we hold that convictions on both counts cannot stand"); *Arthur v. State*, 824 N.E.2d 383, 387 (Ind. Ct. App. 2005) (holding that a defendant's fleeing by vehicle and then on foot constitute one continuous act of resisting law enforcement) .

[6] We agree that Custer's actions of fleeing by vehicle and then on foot constitute one continuous act of resisting law enforcement. Therefore, Custer's dual convictions for resisting law enforcement cannot stand. We remand this case to

---

[1] The trial court sentenced Custer to thirty years on Count I (Level 1 felony rape) and enhanced that sentence by twenty years based on the habitual offender determination. The court entered concurrent sentences on each of the remaining counts.

the trial court to vacate Custer's conviction for Class A misdemeanor resisting law enforcement.

[7] Judgment reversed and remanded with instructions.

Brown, J. and Tavitas, J., concur.