## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 22 2016, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tonya R. Crump,<br>*Appellant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee*. | November 22, 2016<br><br>Court of Appeals Case No.<br>73A01-1604-CR-848<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Charles D. O'Connor, Judge<br><br>Trial Court Cause No.<br>73C01-1310-FA-29 |

**Brown, Judge.**

[1] Tonya R. Crump appeals her sentence for dealing in methamphetamine as a class B felony. Crump raises one issue which we restate as whether her sentence is inappropriate based on the nature of the offense and the character of the offender. We affirm.

### Facts and Procedural History

[2] On or about August 28, 2013, Crump knowingly or intentionally delivered methamphetamine to another. On October 29, 2013, the State charged Crump with dealing methamphetamine as a class A felony. The State's information alleged that Crump delivered methamphetamine within 1,000 feet of school property, a public park, a family housing complex, and/or a youth program center. The State later filed an amended information, with the approval of the court, which alleged that Crump delivered methamphetamine in an amount weighing three grams or more as a class A felony.

[3] On March 15, 2016, the court held a guilty plea and sentencing hearing at which Crump, pursuant to a plea agreement, pled guilty to dealing in methamphetamine as a class B felony. The plea agreement provided that in exchange for her plea of guilty to dealing in methamphetamine as a class B felony, the State would dismiss any remaining counts, and that sentencing would be open to the court. The plea agreement also provided that Crump waived any right to appellate review of her sentence. The court asked Crump if she understood that she had the right to appeal her sentence, and she responded affirmatively. The prosecutor stated that, if the matter had proceeded to trial, the State would have presented testimony that, as part of a controlled buy,

Crump delivered methamphetamine to a confidential informant in exchange for $350 and that the informant was searched and found in possession of methamphetamine in the amount of 3.7 grams. When asked if she admitted and agreed she acted as described by the prosecutor, Crump responded affirmatively. The court found there was a factual basis for the plea.

[4] The court then moved to sentencing. Crump testified that she had been caring for her fiancé's father for eight months while his wife was at work and made sure he had his medicine and he ate, and she ran errands as needed, and she helped him move from room to room. She testified that she attended meetings at her church, her life had completely changed in the last two and one-half to three years, she was completely drug free, she had a relationship with her mother and children, she was engaged to a man that does not have any kind of drug in his life, and that she also helped care for her niece who has brain injuries. She further testified that she had been recently hospitalized for seven days, she is completely insulin dependent, she gives herself insulin injections five times a day, she was waiting on injections for her knees and possible surgery, and that she was scheduled for a required hysterectomy.

[5] Crump also stated that she previously completed house arrest for ninety days without any violations, she successfully completed her sentences and probation in connection with her prior convictions, she successfully completed the MRT Program, she passed all her drug screens, she took advantage of every opportunity while in the Indiana Department of Correction (the "DOC"), and that she became Microsoft certified. When asked if she recalled telling the

detective "that this saved [her] life," Crump responded affirmatively, and she stated that "[i]t got me out of a situation with a man and his family that I didn't need to be in and I wasn't sure how to break away from it" and "[t]his completely broke me away from a lot of things but it completely changed my life and changed the direction of my life." Transcript at 22. She testified that her boyfriend at the time was working for the confidential informant's brother, that instead of being paid in cash he would be paid in drugs, that on numerous occasions they would obtain money by returning the drugs for money, and that most of the time she was giving the drugs back because she was female and her former boyfriend wanted a female to hand the, back. On cross-examination, when asked if she admitted that she was out on bond for carrying a handgun and possession of a controlled substance and chose to continue to deal in methamphetamine, Crump responded affirmatively.

[6] Crump's counsel asked the court to consider commitment to community corrections and argued that "she's really someone that could uh benefit the community by maintaining her uh status of not being in the [DOC]." *Id.* at 30. The prosecutor argued that an appropriate sentence was "fifteen years executed with three suspended." *Id.* at 31.

[7] In its sentencing order, the court found that this is Crump's second conviction for dealing to be an aggravating factor and assigned the factor significant weight, that Crump committed the offense while out on bond to be an aggravating factor and assigned the factor significant weight as it demonstrates disdain for the State's ability to bring her to justice, and that she is remorseful

for her actions and has significant health issues and assigned these factors minimal weight. The court found that the aggravating factors outweighed the mitigating factors and support an enhanced sentence and sentenced Crump to eleven years with eight years executed and three years suspended to probation. The court ordered that the executed term be served as seven years in the DOC and one year as a direct commitment to home detention.

## Discussion

[8] The issue is whether Crump's sentence is inappropriate based on the nature of the offense and her character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Relief is available if, after due consideration of the trial court's sentencing decision, this Court finds that in its independent judgment, the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* (citation omitted). Whether we regard a sentence as inappropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to

others, and myriad other factors that come to light in a given case. *Id.* (citation omitted).

[9] Crump contends her sentence is inappropriate and that the trial court failed to recognize several mitigating factors. She argues that the court failed to recognize that she would respond affirmatively to probation or short-term imprisonment, that the crime was a result of circumstances unlikely to recur, and that imprisonment would result in undue hardship to her fiancé's father and her niece.

[10] The State maintains that Crump, in her plea agreement, waived her right to challenge her sentence on appeal and that her sentence is not inappropriate. It argues that Crump's offense is particularly outrageous because it is her second dealing conviction and she committed the crime while released on bond for charges of carrying a handgun and possession of a controlled substance. The State also argues that Crump has a significant criminal history and a long history of substance abuse including cocaine and methamphetamine.

[11] Even assuming that Crump did not waive this issue, we cannot say that Crump has established that her sentence is inappropriate in light of the nature of the offense and her character. We note that Ind. Code § 35-50-2-5 provides that a person who commits a class B felony shall be imprisoned for a fixed term of between six and twenty years, with the advisory sentence being ten years. The trial court sentenced Crump to eleven years with eight years executed, and it

ordered that one year of the executed term be served as a direct commitment to home detention.

[12]     With respect to the nature of the offense, the record reveals that in August 2013 Crump knowingly or intentionally delivered methamphetamine to another. With respect to the character of the offender, the presentence investigation report ("PSI") indicates that Crump's criminal history consists of conspiracy to traffic with an inmate as a class A misdemeanor in 1993, dealing in marijuana as a class D felony in 2009, and possession of marijuana as a class D felony and "Carrying Handgun w/o License-Prior/Prior Felony w/in 15 Yrs/School Prop, School Bus" as a class C felony in 2013 under cause number 73D01-1302-FC-12 ("Cause No. 12"). Appellant's Appendix, Volume III, at 6. The PSI further states that, at the time Crump committed the present offense, she was out on bond under Cause No. 12, that in the past she was placed on probation under two cases and successfully completed those supervisions, and that she has successfully completed three separate terms of home detention, the most recent in 2014. The PSI states that Crump cares for her boyfriend's father who suffers from dementia, Parkinson's disease, and other health issues Monday through Friday from 6 a.m. to 4 p.m. while his wife is at work, and that Crump testified that she had been caring for her fiancé's father for eight months and that she also helps care for her niece who has brain injuries.

[13]     With respect to her health, the PSI states Crump is diabetic and must give herself insulin shots, has neuropathy in her feet and has prescriptions, she noted she has vision trouble, she has a prescription for her stomach, she has had

surgery on her back three times, and that she has had surgery on her left elbow, right ankle, and left foot. With respect to substance abuse, the PSI states that Crump has a history of drug use that began when she was in high school, marijuana is her drug of choice and she reported last using in October 2013, and that she began using cocaine weekly in 1997 but reported it has been years since she last used cocaine. The PSI further states she began using methamphetamine in 2001/2002, she used methamphetamine on and off for years, prior to her arrest in 2013 she estimated she was using methamphetamine every other weekend, she last used methamphetamine in October 2013, she began experimenting with pills beginning at the age of fifteen and noted she last used pills three years ago, and that she has also used spice, bath salts, LSD, and mushrooms. The PSI notes that, according to Crump, she was a patient of the Dunn Center in 2006/2007 but stopped going and then was a patient again in 2009/2010 and successfully completed the program. The PSI further notes that Crump's overall risk assessment score using the Indiana risk assessment system places her in the moderate risk to reoffend category.

[14] After due consideration, we conclude that Crump has not met her burden of establishing that her sentence is inappropriate in light of the nature of the offense and her character.[1]

---

[1] To the extent Crump argues the court abused its discretion in sentencing her for failure to recognize certain mitigating circumstances, we need not address this issue because we find that her sentence is not inappropriate under Ind. Appellate Rule 7(B). *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g*

## *Conclusion*

[15] For the foregoing reasons, we affirm Crump's conviction and sentence for dealing in methamphetamine as a class B felony.

[16] Affirmed.

Mathias, J., concurs.

Robb, J., concurs in result without opinion.

---

*denied*; *Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider a mitigating factor is harmless if the sentence is not inappropriate), *trans. denied*.