## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2017, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Josselyn Patricia Johnson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | February 13, 2017 <br><br> Court of Appeals Case No. 45A03-1606-CR-1478 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Kathleen Sullivan, Judge Pro Tempore <br><br> Trial Court Cause No. 45G01-1510-F3-54 |

**Robb, Judge.**

# Case Summary and Issues

[1] By virtue of a plea agreement, Josselyn Johnson pleaded guilty to robbery, a Level 5 felony. The trial court accepted the plea agreement, entered judgment of conviction, and sentenced Johnson to five years in the Indiana Department of Correction. Johnson appeals, raising two issues for our review: (1) whether the trial court abused its discretion in failing to find certain mitigating circumstances; and (2) whether her sentence is inappropriate in light of the nature of her offense and her character. Concluding the trial court did not abuse its discretion and Johnson's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On August 24, 2015, Johnson, Corey Burton, and Kristen Burton entered Best Fashion in Merrillville, Indiana. Corey grabbed the store owner, Doo Chang, dragged her to the rear of the store, and began punching her in the face. Meanwhile, Johnson and Kristen stole clothing and jewelry. Chang suffered a bloody nose and pain and bruising to her body and head.

[3] The State charged Johnson with Count I, robbery resulting in bodily injury, a Level 3 felony; Count II, criminal confinement, a Level 5 felony; and Count III, battery, a Level 6 felony. On April 28, 2016, Johnson and the State entered into a written plea agreement pursuant to which Johnson agreed to plead open to robbery as a Level 5 felony in exchange for the State dismissing the remaining three counts. On May 27, 2016, the trial court accepted Johnson's

guilty plea and sentenced her to five years in the Indiana Department of Correction. As aggravating circumstances, the trial court considered Johnson's criminal history, which consists of prior convictions of robbery and theft, and her failure to remedy her criminal behavior after multiple prior contacts with the criminal justice system. As mitigating circumstances, the trial court considered the fact Johnson pleaded guilty and admitted responsibility. On June 3, 2016, the trial court amended its sentencing order to provide that Johnson may serve the final year of her five-year sentence in Community Transition Court, if she is accepted. Johnson now appeals.

# Discussion and Decision

## I. Mitigating Circumstances

[4] Johnson argues the trial court abused its discretion in declining to find two additional proffered mitigating factors. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). As long as a sentence is within the statutory range, we review only for an abuse of discretion. *Id.* A trial court abuses its discretion if the sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citation omitted). A trial court is not required to accept a defendant's argument as to what is a mitigating factor or to provide mitigating factors the same weight as does a defendant. *Conley v. State*, 972 N.E.2d 864, 873 (Ind.

2012). "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Anglemyer*, 868 N.E.2d at 493. However, a court abuses its discretion if it does not consider significant mitigating circumstances advanced by the defendant and clearly supported by the record. *Id.* at 490-91.

[5] Johnson argues the trial court should have found the following as mitigating circumstances: (1) Johnson's diagnosis of schizophrenia and depression, and (2) Johnson's lack of parental supervision or family environment as a child.

[6] The trial court did not abuse its discretion in declining to find Johnson's diagnoses of schizophrenia and depression as mitigating circumstances. Johnson is correct to note our supreme court has identified several factors a trial court is to consider in determining what mitigating weight evidence of a mental illness may have. *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998). Those factors include: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Id.* However, it is Johnson's burden to establish the mitigating factors are both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. Here, Johnson failed to present evidence on any of these factors, and in fact, argued to the trial court that schizophrenia and depression had little to no bearing on these crimes. At the sentencing hearing, Johnson's counsel stated "I don't think she's going

to be . . . blaming [her crime] on any of . . . the diagnosed mental illnesses," and that "she appears to be doing well and no longer suffering from serious complications . . . ." Transcript at 6. Therefore, the trial court's sentencing decision is not clearly against the logic and effect of the facts and circumstances before the court.

[7] We likewise disagree the trial court abused its discretion in declining to find Johnson's lack of parental supervision or family environment as a child to be a mitigating circumstance. As Johnson acknowledges, our supreme court has held evidence of a difficult childhood is entitled to little, if any, mitigating weight. *Ritchie v. State*, 875 N.E.2d 706, 725 (Ind. 2007). Again, it is Johnson's burden to establish a mitigating factor and prove it is significant. *Anglemyer*, 868 N.E.2d at 493. Johnson was twenty-three years old at sentencing, and the trial court was within its discretion to conclude her difficult childhood and lack of parental supervision had little relevance to her current criminal conduct.

## II.  Inappropriate Sentence

[8] Johnson also argues her sentence is inappropriate in light of the nature of the offense and her character. Indiana Rule of Appellate Procedure 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Relief is available if, after due consideration of the trial court's sentencing decision, this court, in its independent judgment, finds the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* (citation omitted).

[9] First, we consider the nature of Johnson's offense. When reviewing the nature of the offense, a relevant factor is whether there is anything more or less egregious about the offense which distinguishes it from a "typical" offense accounted for by the advisory sentence set by the legislature. *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), *trans. denied*. The sentencing range for a Level 5 felony is one to six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). Here, Johnson stole clothing and jewelry while her confederate mercilessly punched Chang in the face, causing her substantial injury to her head, body, and nose. However, as Johnson did not participate in the battery upon Chang, we do not think the nature of this offense is overtly better or worse than the "typical" robbery offense.

[10] Next, we consider Johnson's character. When considering the character of the offender, one relevant factor is the defendant's criminal history. *Wells*, 2 N.E.3d at 131. In 2012, Johnson was convicted of robbery and theft, for which

she received a three-year sentence. Although her criminal history is not lengthy, her recidivism exhibits a disregard for the law and a failure to reform despite a lenient measure previously extended to her. Further, we note a lack of remorse by Johnson. At the sentencing hearing, Johnson attempted to justify her actions by pointing to a need to make a living for herself. The transcript is void of any form of apology to the victim or indication Johnson is genuinely sorry for her actions. Given Johnson's criminal history, coupled with her lack of remorse and failure to reform her criminal behavior, we conclude a five-year sentence is not inappropriate.

# Conclusion

The trial court did not abuse its discretion in failing to find certain mitigating circumstances and Johnson's sentence is not inappropriate given the nature of the offense and the character of the offender. Therefore, we affirm Johnson's sentence.

Affirmed.

Kirsch, J., and Barnes, J., concur.